# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEROME ADRIAN DAVID, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-789-SLP |
| STATE OF OKLAHOMA et al., | ) |
| Defendants. | ) |

## **O R D E R**

Plaintiff Jerome Adrian David filed this 42 U.S.C. § 1983 suit against the Edmond Police Department, the State of Oklahoma, Oklahoma County Special Judge Kathryn Savage, Oklahoma County District Judge Natalie Mai, assistant district attorney R. Hill, assistant public defender Bill Foster, and Edmond police officers Mason Long and Rockie Yardley. *See* Compl., Doc. No. 1. Section 1983 allows for the imposition of liability when "[any] person . . . under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff's claims relate to an ongoing state-court criminal proceeding in the District Court for Oklahoma County, as well as his arrest and other events that led up to the state-court action. *See State v. David*, No. CF-2018-1628 (Okla. Cty. Dist. Ct.).[1] He seeks monetary damages, as well as release from

---

[1] Subsequent to issuance of Judge Jones's R. & R., the trial date for the state-court criminal action was delayed from December 9, 2019, to February 10, 2020 per the state-court electronic docket, of which the Court takes judicial notice. *See* http://www.oscn.net/

the pending state-court charges asserted against him. The latter requested relief—i.e., his release from state confinement—is not available in a § 1983 suit such as this one. *See Boutwell v. Keating*, 399 F.3d 1203, 1208-09 (10th Cir. 2005).

I.    **Plaintiff's objections to Judge Jones's Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1), U.S. Magistrate Judge Bernard M. Jones issued a Report and Recommendation [Doc. No. 16], in which he recommended that Plaintiff's claims against the Edmond Police Department, the State of Oklahoma, Judge Savage, Judge Mai, and Ms. Hill be dismissed with prejudice and that Plaintiff's claims against Mr. Foster be dismissed without prejudice. Judge Jones further recommended that Plaintiff's claims against Officers Long and Yardley be stayed under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff thereafter filed his Objection [Doc. No. 19] to the R. & R. The Court reviews de novo those portions of the R. & R. to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having done so, the Court finds that Judge Jones's R. & R. should be adopted.

The R. & R. accurately indicates that Plaintiff's claims against the Edmond Police Department and the State of Oklahoma are subject to dismissal because neither entity is a "person" as required for a § 1983 suit to proceed against it in its official capacity.[2]

---

dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2018-1628&cmid=3647618 (last accessed Dec. 30, 2019).

[2] And, of course, neither entity has a personal capacity through which suit may be maintained against it either. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiff asserted claims against all Defendants in both their official and personal capacities. *See* Compl., Doc. No. 1.

2

Likewise, the R. & R. correctly states that Judge Savage and Judge Mai are absolutely immune from § 1983 liability for the actions allegedly taken by them per Plaintiff's Complaint. And the R. & R. is correct in its application of absolute prosecutorial immunity to Ms. Hill based on the actions allegedly taken by her per Plaintiff's Complaint. Judge Jones accurately and correctly determined that Plaintiff's claims against Mr. Foster should be dismissed due to the Court's lack of subject-matter jurisdiction because his position as an assistant public defender does not make him someone who is acting under color of state law—as is jurisdictionally required for a § 1983 claim.

Plaintiff argues in his Objection that *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), indicates that he may assert his claims as pleaded. *Manuel* held that a person who had been a pretrial detainee and had received some legal process, but not trial, could bring a suit based in the Fourth Amendment to contest the legality of his pretrial confinement. *See id.* at 914. But it has no bearing on the resolutions of Plaintiff's claims proposed by the R. & R. (and adopted herein) for the reasons indicated in the R. & R. Resolution of Plaintiff's claims does not turn on whether certain pretrial detainee claims based in the Fourth Amendment are allowed in the first place (the issue addressed in *Manuel*). That a person who was a pretrial detainee can assert a Fourth-Amendment-based § 1983 claim does not automatically mean that Plaintiff can assert the claims in this case against the defendants in this case at this time.

In addition, and importantly, the § 1983 claims in *Manuel* were asserted against a city and several of its police officers after the relevant state-court criminal proceeding had concluded. *See id.* at 915-16. Here, the City of Edmond is not a defendant named by

Plaintiff, and Plaintiff's claims against Officers Long and Yardley precede the completion of the state-court criminal action against Plaintiff.

Plaintiff's additional argument that *Younger* abstention should not apply to the claims against Judge Savage, Judge Mai or Ms. Hill due to an exception to the abstention doctrine fails because the R. & R. does not suggest that *Younger* abstention should apply to those claims (and the Court does not apply it to those claims herein). *See* Obj. 1, Doc. No. 19. Nor do Plaintiff's other cited authorities indicate that the R. & R. is incorrect in its assessment of the claims against Judge Savage, Judge Mai and Ms. Hill. *See id.* at 3-4. *Hunter v. Bryant*, 502 U.S. 224 (1991) (per curiam), is inapplicable because it addressed only qualified immunity, which is not among the immunities at issue here. And *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236 (5th Cir. 2005), addressed a removal of an action from state court to federal court and the effect of that removal on a claim of state sovereign immunity—an issue not implicated in this case because Plaintiff initiated his lawsuit in federal court. In similar fashion, *Crawford-El v. Britton*, 523 U.S. 574 (1998) (addressing qualified immunity, but not judicial or prosecutorial immunities—the latter of which are at issue for Judge Savage, Judge Mai, and Ms. Hill), *Harbert International, Inc. v. James*, 157 F.3d 1271 (11th Cir. 1998) (addressing Eleventh Amendment sovereign immunity and qualified immunity), *In re Allen*, 106 F.3d 582 (4th Cir. 1997) (addressing qualified immunity), *Nolen v. Jackson*, 102 F.3d 1187 (11th Cir. 1997) (same), *Castro v. United States*, 34 F.3d 106 (2d Cir. 1994) (same), and *Estate of Sorrells v. City of Dallas*, 192 F.R.D. 203 (N.D. Tex. 2000) (same), are inapposite to the dispositions reached in this case for the claims against Judge Savage, Judge Mai, and Ms. Hill.

*Kalina v. Fletcher*, 522 U.S. 118 (1997)—also relied on by Plaintiff—reiterated that absolute prosecutorial immunity extends to the actions of a prosecutor taken "when performing the traditional functions of an advocate," and not those that fall within "the function of a complaining witness" or "the role of an administrator or investigative officer." 522 U.S. at 125, 131 (quotation marks and citation omitted). Here, none of the actions alleged in Plaintiff's Complaint as to Ms. Hill are outside the scope of an advocate's traditional role in the judicial process.[3] Accordingly, Plaintiff's reliance on *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007), and *Cruz v. Kauai County*, 279 F.3d 1064 (9th Cir. 2002), is unavailing for the same reason.

Finally, the Court concurs with Judge Jones's *Younger* abstention analysis, and finds that abstention (for the moment) is appropriate in this case for the claims asserted against

---

[3] In his Objection to the R. & R., Plaintiff asserts that Ms. Hill "personally attested to the truth of facts in the affidavit for probable cause findings after she was presented with [Plaintiff]'s motion to suppress and motion to dismiss and swore to facts that she [knew were] deemed suppressed according to *Mapp v. Ohio*['s] exclusionary rule." Obj. 3, Doc. No. 19 (quotation marks and capitalization omitted). But Plaintiff's Complaint only alleges that Ms. Hill "was presented with . . . cop[ies] of the motion(s) [to suppress and to dismiss] before the preliminary hearing started, so she was aware that the evidence she had was from an illegal arrest and illegal search and seizure in violation of the [Fourth] Amendment to the U.S. Constitution and the State of Oklahoma Constitution and [was] inadmissible in evidence" but she "still present[ed] the inadmissible evidence at the preliminary hearing, using it for probable cause findings [and thereby] deliberately deprived [Plaintiff] of [his] due process of liberty." Compl. 14, Doc. No. 1 (capitalization omitted); *see also id.* at 10, 14-16 (including additional allegations regarding Ms. Hill which likewise do not indicate she stepped outside of a traditional advocacy role). That is, Plaintiff's Complaint does not allege that any false statement under oath regarding the accuracy of evidence was made by Ms. Hill which could potentially take her actions outside those performed by an advocate. *See Kalina*, 522 U.S. at 131. "Plaintiff[] may not amend [his] Complaint by adding factual allegations as a part of objections to an R & R . . . ." *Chambliss v. Bank of Am., N.A.*, No. 3:12-955, 2014 WL 1287467, at *1 (M.D. Tenn. Mar. 31, 2014) (collecting cases).

5

Officers Long and Yardley—a determination that Plaintiff has not challenged as to Officers Long and Yardley.

## II. Plaintiff's remaining motions

Plaintiff filed a Motion to Compensation for Living Expenses, Shelter, Food and Cloths[e]s [Doc. No. 17], in which he requests payment of living expenses by Defendants because "upon release [from his current detention,] Plaintiff will be kicked-out [of] the county jail, to the streets, in the middle of winter, in below freezing temperatures, left to defend for himself with no shelter, no food, no one to call for help and no extra cloth[e]s to keep warm through the night." Mot. 1, Doc. No. 17. The Court construes Plaintiff's motion as a request for leave to amend his pleading under Rule 15(a)(2) and demand additional damages from Defendants. Plaintiff's additional damages requests do not affect the appropriate disposition of his claims herein, so the Court still will dismiss Plaintiff's claims against the Edmond Police Department, the State of Oklahoma, Judge Savage, Judge Mai, Ms. Hill, and Mr. Foster as recommended in the R. & R.

As to whether such amendment should be allowed for the claims that will remain (those against Officers Long and Yardley), Plaintiff has not complied with Local Civil Rule 15.1—which he must do. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, Plaintiff's request to amend his Complaint to seek additional damages from Defendants is DENIED without prejudice to him seeking later leave to amend after (and if) this action is reopened against Officers Long and Yardley after the completion of the state-court criminal action as indicated herein.

Finally, Plaintiff filed a Motion to Discover Unprofessional or Unethical Conduct by Prosecutor [Doc. No. 20], in which he requests information regarding Ms. Hill in relation to a complaint he filed with the Oklahoma Bar Association. Because the Court is herein dismissing with prejudice Plaintiff's claims against Ms. Hill, Plaintiff's motion is moot and therefore will be denied.

### III.  Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED by the Court, and Plaintiff's Objection [Doc. No. 19] thereto is OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compensation for Living Expenses, Shelter, Food and Cloths[e]s [Doc. No. 17] is DENIED as indicated herein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Discover Unprofessional or Unethical Conduct by Prosecutor [Doc. No. 20] is DENIED as MOOT as indicated herein.

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against the Edmond Police Department, the State of Oklahoma, Judge Kathryn Savage, Judge Natalie Mai, and assistant district attorney R. Hill are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against assistant public defender Bill Foster are DISMISSED WITHOUT PREJUDICE due to the Court's lack of subject-matter jurisdiction over them.

IT IS FURTHER ORDERED that Plaintiff's claims against Officer Mason Long and Officer Rockie Yardley are STAYED under the *Younger* abstention doctrine. Plaintiff shall notify the Court (via written filing) of the resolution of his state-court criminal case

(No. CF-2018-1628 in the District Court for Oklahoma County) within 30 days of such resolution and include in his notice (i) the outcome of that case and (ii) whether he intends to proceed with his claims against Officers Long and Yardley in this case.[4] Plaintiff's failure to do so may result in dismissal of these claims without further notice to Plaintiff.

IT IS SO ORDERED this 2nd day of January, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] The Court, if needed, will determine whether a show-cause filing based on *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), is proper at such time. *See* R. & R. 6, Doc. No. 16.